UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE R. GARCIA,** | : | |
| Petitioner | : | **CIVIL ACTION NO. 3:23-0495** |
| v | : | **(JUDGE MANNION)** |
| **R. THOMPSON, WARDEN** | : | |
| Respondent | : | |

## **MEMORANDUM**

Petitioner, Jose Garcia, an inmate confined in the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition).

Garcia claims the Bureau of Prisons (BOP) has unlawfully denied him Earned Time Credits under the First Step Act (FSA). Id. Specifically, Garcia claims that BOP is refusing to apply earned credits, claiming Garcia is subject to a final order of removal, however, Garcia claims that he "has not received any notification of final order of removal and BOP has failed to produce such a document to Garcia, relying only on the Immigration Detainer Action/Notice which does not suffice as a final order of removal." Id. Thus, Garcia asks the Court to apply his ETCs, "which would result in immediate

release from BOP custody. Id. A response was filed on April 25, 2023, indicating that a final order of removal was issued on February 22, 2022 and Petitioner is not eligible for earned credits. (Doc. 8).

For the reasons set forth below, the instant petition will be denied.

## I.     Background

On October 24, 2019, the United States District Court for the Southern District of New York sentenced Petitioner to a sixty-three (63) month sentence for Conspiracy to Distribute and Possess with Intent to Distribute Narcotics. (Doc. 8-1 at 7). He has a projected release date of August 22, 2023, via good conduct time release. Id. By Order dated February 28, 2022, an immigration judge ordered Petitioner removed to the Dominican Republic. (Doc. 8-1 at 10).

## II.    Discussion

Under the FSA, the Attorney General was charged with the development and release of a Risk and Needs Assessment System within 210 days of December 21, 2018, the date on which the FSA was enacted. See 18 U.S.C. §3632. This System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based

recidivism reduction ("EBRR") programming appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (5) reassigning an inmate to appropriate EBRRs and productive activities ("PA"); (6) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (7) determining when the inmate is ready to transfer to pre-release custody or supervised release. See id. §3632(a). Moreover, this system provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." See Kurti v. White, No. 1:19-2019, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020)(citing 18 U.S.C. §3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release. See 18 U.S.C. §3632(d)(4)(A). An inmate may earn ten (10) days of credit for every thirty (30) days of successful participation. See id. Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) days of time credit for every thirty (30) days of successful participation. See id. However, an inmate is ineligible to apply ECTs if the inmate is "the subject

of a final order of removal under any provision of the immigration laws." 18 U.S.C. §3632(d)(4)(E).[1]

Here, Respondent presented evidence that Petitioner is subject to a deportation order and that the BOP properly determined that Petitioner is not eligible for application of FSA time credits. 18 U.S.C. §3632(d)(4)(E)(i); see also Ramirez v. Sage, 2022 WL 2318693 (M.D. Pa. June 28, 2022) (denying habeas relief to inmate pursuant to 18 U.S.C. §3632(d)(4)(E) based on evidence of a deportation order). As such, the Court will deny Garcia's petition for writ of habeas corpus.

### III.   Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DENIED**. An appropriate order will follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: May 16, 2023**
23-0495-01

---

[1] Pursuant to 18 U.S.C. §3632(d)(4)(E)(i):

In general.—A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17)).

18 U.S.C. §3632(d)(4)(E)(i).

4